Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Telephone: 856-429-8334
Attorney of Record: Amy Bennecoff (AB0891)
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DALISA ABREU, <br><br> Plaintiff, <br><br> v. <br><br> PERFORMANT RECOVERY, INC., f/k/a DIVERSIFIED COLLECTION SERVICES, INC., <br><br> Defendant. | **Case No.:** <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **(Unlawful Debt Collection Practices)** |

## COMPLAINT

DALISA ABREU ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PERFORMANT RECOVERY, INC., f/k/a DIVERSIFIED COLLECTION SERVICES, INC., ("Defendant").

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained therein.

3. Defendant conducts business and has an office in the Commonwealth of Pennsylvania and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Springfield, New Jersey.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with its principal place of business located at 333 N. Canyons Parkway, Suite 100, Livermore, California 94551.

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

11. The alleged debt at issue arose out of transactions, which were primarily for

personal, family, or household purposes.

12. Between December 2013 and April 2014, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular, home and work telephone numbers.

13. The harassing calls originated from numbers including, but not limited to (973) 323-1036. The undersigned has confirmed that this number belongs to Defendant.

14. Plaintiff informed Defendant's representatives that she could not receive personal calls while at work.

15. Despite Plaintiff's indication that she could not speak with Defendant's representatives while at work, Defendant's representatives continued to make harassing telephone calls to Plaintiff's place of employment.

16. Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

17. Defendant also called Plaintiff's mother under the guise that it was trying to locate Plaintiff, even though it had Plaintiff's address and three telephone numbers.

18. Defendant's actions in attempting to collect an alleged debt were abusive, misleading and highly deceptive.

**COUNT I**
**DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

19. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

20. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

21. Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it called Plaintiff repeatedly and continuously, when it continued to call Plaintiff even after she told Defendant she could not receive calls at work, and when it engaged in other harassing or abusive conduct.

## COUNT II
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

22. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt.

23. Defendant violated § 1692f of the FDCPA when it called Plaintiffs repeatedly and continuously, when it continued to call Plaintiff even after she told Defendant she could not receive calls at work, and when it engaged in other unfair and unconscionable conduct.

## COUNT III
## DEFENDANT VIOLATED § 1692c(b) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

24. Section 1692c(b) of the FDCPA prohibits a debt collector without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, to communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the

creditor, the attorney of the creditor, or the attorney of the debt collector.

25. Defendant violated § 1692c(b) of the FDCPA when it spoke with Plaintiff's mother.

## COUNT IV
## DEFENDANT VIOLATED § 1692b(2) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

26. Section 1692b(2) of the FDCPA prohibits a debt collector from stating that a consumer owes a debt when communicating with any person other than the consumer for the purpose of acquiring location information about the consumer.

27. Defendant violated § 1692c(b) of the FDCPA when it spoke with Plaintiff's mother.

## COUNT V
## DEFENDANT VIOLATED § 1692c(a)(3) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

28. Section 1692c(a)(3) of the FDCPA prohibits a debt collector from communicating with a consumer in connection with the collection of any debt at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

29. Defendant violated § 1692c(a)(3) of the FDCPA when it called Plaintiff Debra Thompson at her place of employment with knowledge she could not receive calls there.

WHEREFORE, Plaintiff, DALISA ABREU respectfully prays for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

  b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

  d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DALISA ABREU, demands a jury trial in this case.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

RESPECTFULLY SUBMITTED,

DATED:  08/27/14      KIMMEL & SILVERMAN, P.C.

            By: /s/ Amy L. Bennecoff

            Amy L. Bennecoff
            Attorney ID # AB 0891
            1930 E. Marlton Pike, Suite Q29
            Cherry Hill, New Jersey 08003
            Phone: (856) 429-8334
            Facsimile: (856) 216-7344
            Email: abennecoff@creditlaw.com